### L. H. Harkey v. The State.

No. 4658.   Decided October 31, 1917.

**1.—Occupation—Kinetoscope—License—Information.**

Where the information charging defendant with following the occupation of keeping a kinetoscope, etc., without first obtaining a license, failed to charge as required by statute, the annual tax, or that defendant had been running the occupation for more than one year, etc., the same was insufficient.

**2.—Same—Rule Stated.**

Where the statute provides the manner and means, the pleadings must follow these definitions and requirements.

Appeal from the County Court of Rains.   Tried below before the Hon. W. E. Rabb.

Appeal from a conviction of following the occupation of keeping a kinetoscope, etc., without a license; penalty, a fine of seventy-five dollars.

The opinion states the case.

*B. A. Carter* and *W. F. Shipp,* for appellant.—On question of insufficiency of the information:   Love v. State, 31 Texas Crim. Rep., 469; Monford v. State, 35 id., 237; Archer v. State, 9 Texas Crim. App., 78.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The complaint and information charge appellant with the occupation of keeping a kinetoscope and cinematograph, and a similar machine and instrument used for profit, which show the life-like motions of persons and animals, the said occupation being taxed by law, without first obtaining license therefor, and the taxes then and there due by him to the State upon said occupation amounted to $50, and the taxes then and there due the county upon said

occupation amounted to $25, the said taxes due the county having been theretofore duly levied by the Commissioners Court of said county. The information follows the complaint. This is alleged in the information, and the complaint as well, as having occurred on the 2nd day of September, 1916. Article 7355 of the Revised Civil Statutes levies on the alleged business an *annual* tax of $25. The Commissioners Court was authorized to levy half the amount of the annual tax. In order that the Commissioners Court may collect they must at the time stated in the statute levy each year occupation taxes equal to one-half of that levied by the State, which is $12.50 in this particular instance. There is no evidence that the Commissioners Court of Rains County ever provided for the collection of such occupation tax. The statute above cited requires the payment of an annual tax of $25 each year  The statute limits the amount to be paid, and requires that it shall be an annual tax. This is, therefore, a limitation placed by the statute itself as to the manner of levying the tax, and the length of time authorized by such levy for following the occupation.

It will be noticed the information charges that on the 2nd day of September, 1916, appellant was following such occupation without having paid the tax, which was alleged to be $50. The statute, as before stated, levies $25, not $50 as charged. There was no attempt in the information to charge as required by the statute the annual tax; nor does the information undertake to charge that he has been running for more than one year, requiring more than $25. Where the statute provides the manner and means the pleadings must follow these definitions and requirements. The punishment provided in the Penal Code for a violation of the statute would be not less than the amount of the tax, nor more than double that amount. The information charges it was $50. The amount of the tax is not that set out in the statute, but double that amount. The punishment awarded by the jury was $75. Whether this included the amount of taxes levied by the Commissioners Court would hardly be surmised on account of the fact that no evidence was introduced showing the county had ever levied a tax. The information, therefore, does not charge a violation of the statute, and if the party had been pursuing the business for more than one year, then suitable allegations should be made to show there was more than one annual tax due. The information, therefore, we think, is invalid, and the conviction is wrong. The sheriff, who is also tax collector, testified that appellant paid the tax from the 1st of May, 1916, to the 1st of May, 1917, therefore the year 1916 could not have been included, or ought not to have been included in the information and complaint.

As the matter is presented the judgment will be reversed and the cause remanded.

*Reversed and remanded.*